```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON


UNITED STATES OF AMERICA


v.                              CRIMINAL ACTION NO. 2:22-00195


JAMIE EDWARD SMITH
```

MEMORANDUM OPINION AND JUDGMENT ORDER

Pursuant to this court's Standing Order Adopting Procedures for Petitions Seeking Retroactive Application of the 2023 Criminal History Amendments, entered on October 31, 2023, the court instituted review of the sentence in this matter upon its own motion to determine if the defendant is eligible for a reduction in his sentence based on 18 U.S.C. § 3582(c)(2) and a subsequent reduction in the applicable sentencing guideline.

On November 1, 2023, a multi-part criminal history amendment designated as Amendment 821 in Appendix C to the *Guidelines Manual* became effective. Part A of the amendment addresses status points (additional criminal history points given for the fact of having committed the instant offense while under a criminal justice sentence), decreasing them by one point

for individuals with seven or more criminal history points (excluding status points) and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new §4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Parts A and B, subpart 1 of the criminal history amendment both have retroactive effect.

     On October 17, 2022, the defendant pled guilty to the single-count amended information.  The single-count amended information charged the defendant with distribution of a quantity of a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1). At the time of his original sentencing, the defendant was assessed eight criminal history points, six points for prior criminal convictions, and two points added to his criminal history points as he committed the offense of conviction while under a criminal justice sentence.  These two additional points are known as status points.  The defendant had a Total Offense Level of 29 and a Criminal History Category of IV, for a Guideline range of 121 to 151 months.  On February 28, 2023, the court imposed a downward variant sentence of imprisonment of 84 months on the single-count amended information, to be served

consecutively to a ten-month term of imprisonment imposed in the revocation of supervised release in another criminal action, to be followed by 3 years supervised release.

Following the retroactive amendment to the Guidelines, the defendant's status points would be eliminated, and his criminal history score is now six, which yields a lower Criminal History Category of III. The new Criminal History Category of III with the Total Offense Level of 27, results in an amended Guideline range of 108 to 135 months as to his offense of conviction.

The defendant is ineligible for a sentence reduction under Amendment 821 because he received a variant sentence of 84 months on the single-count amended information, which sentence is already below the minimum of the amended guideline range of 108 to 135 months. Pursuant to U.S.S.G § 1B1.10(b)(2)(A), "the court shall not reduce the defendant's term of imprisonment ... to a term that is less than the minimum of the amended guideline range."

Inasmuch as the defendant is not a zero-point offender, he is not eligible for the two-level decrease pursuant to Subpart 1 of Part B of the new §4C1.1 guideline.

Accordingly, it is ORDERED that the defendant's Criminal History Category is amended, and his Criminal History Category is now that of III.  It is further ORDERED that a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 is hereby DENIED, and the sentence imposed on February 28, 2023, and set forth in the Judgment Order entered on March 2, 2023, remains in effect.

The Court DIRECTS the Clerk to send a copy of this Order to Defendant, the United States Attorney, the United States Probation Office, and the United States Marshals.

ENTER: July 3, 2024

_____
John T. Copenhaver, Jr.
Senior United States District Judge